Decided 9 April, 1907.

### Ex parte TURNER

89 Pac. 426.

FORGERY AS GROUND FOR DISBARMENT OF ATTORNEY.

An attorney who has forged applications to purchase state lands, has signed fictitious names to assignments of applications, and attached thereto false notarial certificates, is guilty of willful misconduct in his profession, and should be permanently disbarred, and his low estimate of professional integrity is further emphasized by a plea that he believed that the application and affidavits thereto were antiquated matters of form not binding on account of long disregard by school boards, and that he believed that he was doing the state a favor in assisting it to dispose of its lands.

This is a proceeding by the State of Oregon on the relation of a committee to disbar H. H. Turner.          DISBARRED.

For the petition there was a written argument by *Mr. Frank Salisbury Grant.*

*Contra,* there was a written argument by *Mr. Carey Fuller Martin.*

PER CURIAM. This is a proceeding instituted upon the relation of the Grievance Committee of the State Bar Association, for the disbarment of H. H. Turner, an attorney of this court, for unprofessional conduct. The information charges that in August, 1902, Turner wrongfully and unlawfully forged a pretended assignment of a certificate for the sale of school lands by signing the name of G. I. Rice, a fictitious person, thereto, and attaching thereto a false certificate of acknowledgment of such assignment, purporting to have been taken before him as a notary public; that he also forged some 15 applications for the purchase of school lands by writing and signing the names of fictitious persons thereto, taking them to a notary public and inducing him to affix his official signature and seal thereto by falsely representing to and swearing before such notary that the persons whose names appeared on such applications had personally appeared before him (Turner) ; that by reason of these facts Turner has violated his duty as an attorney and shown himself to be a person not possessing the proper qualifications necessary to the further practice of the law.

Turner, by an answer, expressly admits the commission of the acts charged in the information, and by way of justification and excuse pleads, in substance, that prior to the commission of such acts he was employed by one Kelliher to take acknowledgments of numerous persons purchasing school lands through the agency of Kelliher; that while so employed he ascertained that the law for the sale of school lands was being repeatedly disregarded, and that such violations were sanctioned by the school land board, whereby he was induced to believe, and did believe, that the oath required by law of intending purchasers was not deemed ma-

terial or binding, but was treated as a mere matter of form; that all the desirable school lands had been sold, and the remaining lands were of less value than the price charged therefor; that the school land board was ready, willing and anxious to sell and dispose of the same; that, in consequence of these facts, he believed that in committing the acts charged against him he was doing a favor to the state in assisting it to dispose of its lands; that he had no idea that any of the certificates would be repudiated or their genuineness or *bona fides* questioned; that he had no intention to commit any crime or to defraud any person, and fully believed that the matter of the signature to applications for the purchase of school lands and the affidavits thereto were antiquated matters of style and form, and no longer valid or binding on account of long continued usage and disregard of their substance by the various school land boards.

It is unnecessary to comment upon such a defense. The essence of it is that Turner thought and believed that, because others were violating the law and committing crimes, he was justified in doing the same. A lawyer, who has no higher conception of personal integrity or professional honor, is an unworthy member of his profession and should be disbarred. An order to that effect will be entered.                DISBARRED.